UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ANN ZAFFERANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:17-cv-01165-JDP (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES<br><br>ECF No. 21 |

Plaintiff moves for the award of attorney fees in the amount of $12,400 to plaintiff's attorney Shellie Lott under 42 U.S.C. § 406(b).  ECF No. 21.  Plaintiff and her attorney entered into a written contingent fee agreement that provided for a fee in the amount of 25 percent of past-due benefits.  ECF No. 21-3 at 1.  Plaintiff's total past-due benefits are $60,500.  Plaintiff is requesting approval of a fee in the sum of $12,400, which is less than 25 percent.[1]

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits upon a favorable judgment for claimant.  42 U.S.C. § 406(b)(1)(A).  A contingency fee agreement is unenforceable if it provides for fees exceeding 25 percent of past-due benefits.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The court must review

---

[1] The court previously awarded plaintiff's attorney a fee of $3,113.73 under the Equal Access to Justice Act.  ECF No. 20.

contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.  In doing so, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808.  In addition, the court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, I find that plaintiff's counsel's requested fees are reasonable.  In support of the motion, plaintiff's counsel attached a written fee agreement which provided for a contingent fee of twenty-five percent of any awarded retroactive benefits. ECF No. 21-3.  Plaintiff's counsel accepted the risk of loss in the representation.  Plaintiff's counsel additionally expended a total of eleven hours of attorney time while representing plaintiff before the District Court.  ECF No. 21-4 at 3.  The requested fee amount is less than twenty-five percent of past-due benefits.  As a result of counsel's work, the matter was remanded for further proceedings before an Administrative Law Judge, who issued a fully favorable decision and awarded plaintiff benefits.  Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted.  To the contrary, plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits.

Accordingly, plaintiff's motion for attorney fees, ECF No. 21, is granted.  The fee in the sum of $12,400 is approved.

IT IS SO ORDERED.

Dated:   March 26, 2021                               _____
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE